972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Bart Ellis SHOUPE, Appellant.
 No. 91-3120EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 3, 1992.
Filed: August 10, 1992.
 
 Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bart Ellis Shoupe appeals the district court's denial of his motion to suppress evidence. Shoupe contends that a canine sniff of unattended luggage must be supported by articulable suspicion to satisfy the requirements of the Fourth Amendment. Shoupe's contention is foreclosed by this court's holding in United States v. Harvey, 961 F.2d 1361, 1362-63 (8th Cir. 1992), petition for cert. filed, No. 92-5173 (U.S. July 6, 1992). We thus affirm the district court. See 8th Cir. R. 47B.
 
 
 2
 McMILLIAN, Circuit Judge, concurring in the judgment.
 
 
 3
 I concur in the judgment because the argument challenging the validity of the dog sniff without reasonable suspicion is controlled by a prior decision of this court, United States v. Harvey, 961 F.2d 1361, 1362-63 (8th Cir. 1992), petition for cert. filed, No. 92-5173 (U.S. July 6, 1992), and, under the policies of our circuit, one panel cannot overrule the decisions of another panel. But for United States v. Harvey, I would have analyzed the fourth amendment issue differently. Assuming for purposes of argument that law enforcement officers can board buses with trained, drug-detecting dogs without reasonable suspicion, cf. Florida v. Bostick, 111 S. Ct. 2382, 2386-88 (1991) (police may board bus, ask questions, request identification, and seek consent to search luggage, without reasonable suspicion, unless police conduct would have communicated to reasonable person that he or she could not decline to answer questions or otherwise terminate encounter), I would agree that the "alert" response of a trained, drug-detecting dog to a piece of luggage could constitute probable cause to believe that that piece of luggage contains contraband. In the present case, of course, the police did not have a search warrant to seize defendant's bag. The question thus becomes whether exigent circumstances existed that justified the warrantless seizure. The district court made no findings and reached no conclusions about whether exigent circumstances existed; nonetheless, the factual record in the present case is sufficient to enable us to assess the totality of the circumstances. I would hold that the bus station setting provided the requisite exigent circumstances. The bus, and its passengers and their luggage, was about to leave the bus station, and prompt action was necessary to prevent the loss or possible destruction of the contraband. Cf. United States v. Licata, 761 F.2d 537, 543-44 (9th Cir. 1985) (warrantless seizure of luggage in airport). Accordingly, I would hold that the warrantless seizure did not violate the fourth amendment.